UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christian Javier G.-C. (A-Number: 226-169-022), | No. 2:26-cv-00706-KES-FJS (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| Warden, California City Correctional Center; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Kristi Noem, Secretary of Homeland Security; and Pamela Jo Bondi, United States Attorney General, | Doc. 11 |
| Respondents. | |

Petitioner Christian Javier G.-C. is a former immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed a motion for temporary restraining order, which the Court converted to a motion for a preliminary injunction and granted. Docs. 2, 8. The Court referred the matter to the magistrate judge for further proceedings. Doc. 8.

1

On March 27, 2026, the magistrate judge issued findings and recommendations to grant the petition for the reasons identified in the order granting preliminary injunction and to deny respondent's request to hold the case in abeyance.  Doc. 11 at 2.  The magistrate judge also recommended limiting the injunction in certain situations.  *Id.* at 3.  Respondents filed objections to the findings and recommendations.  Doc. 12.

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review.  Although respondents oppose final injunctive relief, there remains concern that, absent such relief, petitioner could be re-detained on the same grounds this Court rejected in ordering his release.  And respondents have not shown that such injunctive relief, which provides for due process consistent with the claims raised in the petition, unduly burdens the government.  Having carefully reviewed the entire case, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1.      The findings and recommendations issued on March 27, 2026, Doc. 11, are adopted in full;

2.      The petition for writ of habeas corpus is granted;

3.      Respondents' request to hold proceedings in abeyance is denied;

4.      If the government seeks to re-detain petitioner Christian Javier G.-C. (A-Number: 226-169-022), it shall hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. 1226(a) and its implementing regulations, at which his eligibility for bond must be considered.[1]

///

///

///

---

[1] If new circumstances arising after the date of this order justify petitioner's detention without advance notice, respondents must hold a prompt post-deprivation hearing consistent with the requirements set forth herein.  Alternatively, if petitioner becomes subject to a final order of removal and petitioner receives notice of such order, respondents may detain petitioner for the limited purpose of executing the removal order.

5.      The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:    July 14, 2026

UNITED STATES DISTRICT JUDGE